OPINION OF THE COURT
Harold Baer, Jr., J.
The Assistant District Attorney has produced, in camera, a memorandum and requests a ruling whether it constitutes Rosario material which must be made available to the defendant pursuant to CPL 240.45, or attorney’s work product (CPLR 3101, subd [c]), exempt from such production. The memorandum in question is from Assistant District Attorney Beth D. Jacob to Robert M. Morgenthau, District Attorney of New York County (the Memorandum) and is a report concerning the status and progress *909 of the investigation that culminated in the indictment now on trial before me. The prosecutor intends to call Assistant District Attorney Jacob as a witness to testify, primarily as to certain admissions made by the defendant in her presence, references to which are also contained in the Memorandum.
The statements contained in the Memorandum may be canalized into three categories. Let us turn first to oral statements made by the defendant in the presence of Assistant District Attorney Jacob and reported by her in the Memorandum. These statements should be disclosed to the extent they relate to matters covered or to be covered by her testimony. In United States v Nobles (422 US 225), the Supreme Court held that the qualified privilege derived from the attorney work product doctrine is not available to prevent disclosure of a defense investigator’s report since, by electing to have the investigator testify at trial the defendant waived the privilege with respect to matters covered in his testimony. (Supra, at pp 236-240.)* While Nobles is not binding on the courts of New York, its reasoning is persuasive and is in harmony with the line of cases holding that the State’s interest in protecting confidential communications is outweighed by the vital constitutional right of cross-examination, including impeachment by prior inconsistent statement. (See, e.g., Davis v Alaska, 415 US 308.) Having located no New York cases which review this precise issue, I rely on Nobles and Davis (supra).
To the extent the Memorandum refers to hearsay statements made by prospective prosecution witnesses to Assistant District Attorney Jacob, those statements will not be disclosed at this time. If, after those witnesses testify, the court finds any inconsistency between their testimony and statements reflected in the Memorandum, the court will reconsider its ruling with respect to those statements.
Finally, to the extent the balance of the Memorandum contains attorney’s work product not falling into one or the *910 other of the above categories, disclosure is not required and the court has redacted that portion of the Memorandum.
Turning to another issue, the defense objects to Assistant District Attorney Jacob testifying at trial on the grounds that her testimony will be cumulative and that the admissions she will testify about are contained in the Grand Jury minutes and minutes of a meeting held at the District Attorney’s office on June 16, 1983. Since jury selection has just been completed and no testimony has been elicited, the claim that any testimony is cumulative must be ruled premature.
With respect to the introduction of admissions made by the defendant, the procedure will be as follows:
1. Where the admissions are contained in Grand Jury minutes or other stenographically recorded conversations, the stenographer who took the minutes — or if authenticity is stipulated to, any stenographer — will be sworn and will read the applicable portion of those minutes.
2. Where the admissions are not stenographically recorded, testimony will be allowed as to them by any person present at the time the admissions were made.

 In a concurring opinion, Justice White took the position that the work product rule is solely intended for pretrial discovery purposes and has no application to a request at trial for evidentiary and impeachment material. (Supra, at pp 242-254.) However, this approach —■ which would make available the entire statement of a witness at a criminal trial — was not and has not been adopted by the court.